UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAYME ONTIVEROS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-4133 |
| GERALD BUSTOS, *et al.* | ) ) ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Big Muddy Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging failure to protect and deliberate indifference to a serious medical need for events that arose during his incarceration at the Rock Island County Jail.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."

Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

At all times relevant, Plaintiff was incarcerated at the Rock Island County Jail ("jail"). Defendants were employed at the jail in the following capacities: Defendant Bustos was the Rock Island County Sheriff; Defendant Clark was a correctional officer; Defendant Fisher was the jail administrator; and, Defendant Schultz was a registered nurse.

Plaintiff alleges that he was punched in the face by another inmate. Plaintiff alleges that the severity of the blow broke his nose, knocked his teeth loose, and caused severe migraines. Plaintiff also alleges that his mouth and nose were bloodied, that breathing was difficult, and his "teeth were numb." Plaintiff alleges that this incident occurred because he was not assigned to the proper cell block per jail policy.

Plaintiff was thereafter examined by Defendant Schultz, a registered nurse. Plaintiff alleges that Defendant Schultz examined his face, provided ibuprofen and an ice pack, and sent on his way. Plaintiff alleges that he was not taken to the emergency room as

promised by a non-defendant jail guard. Plaintiff alleges that he was denied access to a "qualified medical specialist" until he was released to the custody of the Illinois Department of Corrections approximately three months later.

The medical records Plaintiff attached to his complaint show that Defendant Schultz examined Plaintiff, provided the treatment described above, and submitted an order that Plaintiff see the medical doctor the next day. (Docs. 1-2 at 9; 1-5 at 7). A notation in the medical records made a day after the incident, though difficult to read, appears to state that Plaintiff refused to go to sick call the following day. (Doc. 1-5 at 7).

## ANALYSIS

Plaintiff alleges that he should have been assigned to a different cell block because he had already been convicted. If properly assigned, Plaintiff alleges that the incident would not have happened. Even so, violation of a state law or regulation does not, on its own, create a federally enforceable right. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003) (The federal

constitution does not "permit a federal court to enforce state laws directly.").

Nonetheless, jail guards still have a duty to protect inmates from known risks of serious harm posed by other inmates. To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. at 843. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer,

86 F.3d 90, 92 (7th Cir. 1996) (quoting McGill v. Duckworth, 944 F.3d 344, 349 (7th Cir. 1991)).  Liability attaches where "deliberate indifference by prison officials effectively condones the attack by allowing it to happen...." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

Plaintiff does not allege that he faced any known risk of harm either from the inmate who punched him or by nature of his membership in a particular group that faced an increased risk of harm.  Liberally construed, Plaintiff is alleging that his classification as a convicted inmate subjected him to an increased risk of harm from those who had not yet been convicted.  This allegation, however, is too speculative at this point for the Court to conclude that a constitutional claim exists.   Therefore, Plaintiff will be granted leave to file an amended complaint to provide information as to how jail officials were aware of any risk he faced prior to the attack.

As for the medical treatment, inmates are entitled to adequate medical care under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical

need.  Id. at 105.  Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).

Plaintiff alleges he was denied access to qualified medical professionals and diagnostic tests that would have revealed a broken nose and that he suffered a concussion.  Plaintiff alleges that the medical care he received from Defendant Schultz was inadequate, though the medical records Plaintiff provided show that Defendant Schultz provided relief, however temporary, and indicated that Plaintiff would see the medical doctor the next day.  The records indicate further that Plaintiff refused to go to sick call the next day.

Plaintiff does not have a constitutional right to the specific type of treatment he desires.  See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("The Constitution is not a medical code that requires specific treatment.").  At this point, the Court cannot determine whether Plaintiff is alleging that he was denied all access to medical care at the jail, or if he is alleging that jail officials

refused to provide the specific treatment he demanded by sending him to an outside medical specialist. Some ambiguity also exists as to whether Plaintiff refused medical treatment the day after this incident.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a constitutional claim. Plaintiff will be granted leave to file an amended complaint within 30 days on his medical claims only. If Plaintiff chooses to file an amended complaint, he should include information regarding how jail officials knew he faced a substantial risk of harm, whether a process existed at the jail through which he could request medical treatment, whether he utilized that process in the months following the incident, whether he refused to go to sick call the day after the incident, and, if so, the reasons why.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, without**

**prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

ENTERED:     September 20, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE