```
            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF ILLINOIS
                SPRINGFIELD DIVISION
```

JAYME ONTIVEROS,               )
                               )
            Plaintiff,         )
                               )
v.                             )      16-4133
                               )
GERALD BUSTOS, *et al.*        )
                               )
            Defendants.        )

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Robinson Correctional Center brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging failure to protect from harm and deliberate indifference to a serious medical need arising from events that transpired while he was a detainee at the Rock Island County Jail. The matter comes before this Court for ruling on the Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendants Bustos, Schultz, Hernandez, and Stulir. The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

After screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court found that Plaintiff stated constitutional claims for failure to protect from harm against Defendant Bustos and

inadequate medical care against all defendants based upon Plaintiff's allegations that another detainee punched him in the face on February 4, 2015, and that the Defendants later failed to send Plaintiff to an outside hospital for treatment. See (Doc. 21). Defendants now move for summary judgment on the issue of exhaustion of administrative remedies.

Plaintiff was detained at the Rock Island County Jail ("jail") from January 15, 2015 to May 7, 2015. Defendants were employed at the jail in the following capacities: Defendant Bustos was the Rock Island County Sheriff; Defendant Schultz was a registered nurse; Defendant Hernandez was a correctional lieutenant; and, Defendant Stulir was a correctional officer.[1]

According to jail policy, detainees must file grievances at the computer kiosk in their housing units, or by delivering a form entitled "Detainee Request Form" to a correctional officer within "48 hours from the time of the alleged incident that is being grieved." (Doc. 52-1 at 14). Detainees may file a grievance outside the 48-hour window "only if [the detainee] can give a good reason" for

---

[1] Plaintiff also sued Defendant Peterson, the physician at the jail. Defendant Peterson is discussed below.

missing the deadline.  Id.  If unhappy with the jail's response to a grievance, detainees may file an appeal within 48 hours of receiving the jail's response.

Plaintiff filed approximately 36 grievances with jail officials from January 2015 through early May 2015.  The majority of these grievances request access to the law library or information regarding transfers and court cases.  More importantly, none of the grievances mention medical care or issues with other inmates.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants.  Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013).  The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law.  Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

> other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013).  The purpose of this requirement is to "alert the state to the problem and invite corrective action."  Turley, 729 F.3d at 649 (internal citations omitted).  The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process."  Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).  In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."  Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).  If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted."  Id.; see Dole, 438 F.3d at 809 (quoting same).  "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself."  Maddox v. Love, 655 F.3d 709, 721 (7th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).

Plaintiff had knowledge of the grievance process given his extensive use of the system while he was detained at the jail. Plaintiff argues that he "informed the lowest to highest officials" at the jail of his alleged constitutional claims, but he does not deny that he failed to utilize the grievance process to do so. According to the records, jail officials responded to the grievances Plaintiff filed, and no inference otherwise arises that the process was unavailable to Plaintiff.

Plaintiff argues that the Defendants acted with deliberate indifference, but the issue at this stage is whether Plaintiff properly exhausted all available administrative remedies as required by the PLRA. The Court finds that he did not, and the Court may not excuse this failure. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account."). Therefore, Defendants' motion for summary judgment is granted.

**DEFENDANT PETERSON**

Defendant Peterson did not file a motion for summary judgment on the issue of exhaustion of administrative remedies. Given that Plaintiff failed to file any grievances as it relates to his

medical care, the Court is inclined to grant summary judgment in Defendant Peterson's favor for failure to exhaust administrative remedies.  The Court, however, must grant the parties an opportunity to address this issue before entering summary judgment on its own.  See Fed. R. Civ. P. 56(f)(1).  Therefore, the Court will grant the parties 21 days to file any authority or argument on this issue.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [52] is GRANTED.  Plaintiff's claims against Defendants Bustos, Schultz, Hernandez, and Stulir are dismissed without prejudice.  Clerk is directed to terminate Defendants Bustos, Schultz, Hernandez, and Stulir.**

2) **The parties shall file any argument and/or authority regarding the issue of exhaustion of administrative remedies as it relates to Defendant Peterson within 21 days of this Order.**

ENTERED:     October 23, 2017

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
